UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY VAN ALSTINE,　　　　　　　　　　Case No. 14-cv-1493-pp

　　　　　Plaintiff,

v.

CD WAREHOUSE, INC.,
d/b/a Disc Go Round,

　　　　　Defendant

---

**ORDER GRANTING PLAINTIFF'S RULE 7(h) MOTION FOR
RECONSIDERATION PURSUANT TO FED. R. CIV. P. 60(b)**

---

The plaintiff filed a certificate of service, indicating that he'd served the defendant with the summons and complaint on January 14, 2015. This meant that the answer was due February 4, 2015. February 4 came and went with no answer filed, and the plaintiff did not file a motion for default judgment.

On March 15, 2015, the court entered an order giving the plaintiff a deadline of April 10, 2015 to notify the court as to how he wished to proceed (by settlement, by default judgment, by dismissal, etc.). The order told the plaintiff that if he did not file some indication of how he wished to proceed by April 10, the court would consider dismissing the case for failure to prosecute. April 10 came and went, with no filing from the plaintiff. Accordingly, on April 20, 2015, the court dismissed the case, without prejudice.

On May 1, 2015, the plaintiff filed the instant motion. The motion indicates that the parties have been in negotiations to resolve the case since

1

March 2015. Counsel for the plaintiff indicates that the only reason he did not inform the court of this fact by April 10, 2015 was because his office inadvertently calendared the deadline for *May* 10, rather than *April* 10. Accordingly, he asks the court to relieve him of the order of dismissal, pursuant to Fed. R. Civ. P. 60(b), so that the parties can file their settlement papers (which, he indicates, will result in the case being dismissed with prejudice within the next 45 days).

Rule 60(b) allows a court to relieve a party "from a final judgment, order or proceeding" for several specified reasons, including "any other reason that justifies relief." The reason that counsel cites in this case is his office's mis-calendaring of the deadline the court had set. The Seventh Circuit has held that, "As a general rule, 'relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances.'" Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc., 570 F.3d 845, 848 (7th Cir. 1009). The plaintiff urges the court not to hold him to the "exceptional circumstances" standard, citing several cases in which courts have not required parties to meet such a heavy burden.

This court is aware that Judge Clevert has held that "Rule 60(b)(6) is unavailable when attorney negligence . . . is at issue." Gidarisingh v. McCaughtery, \_\_\_ F.Supp. \_\_\_, 2011 WL 2182044 at *8 (E.D. Wis. June 3, 2011) (citing Easley v. Kirmsee, 382 F.3d 693, 699 (7th Cir. 2004). But the court also notes that the Seventh Circuit reviews a district court's decision

2

regarding whether to grant a Rule 60(b) motion for abuse of discretion. See Bakery Machinery, 570 F.3d at 848.

Because it appears that the parties have reached an agreement to resolve this case, and because the plaintiff's attorney filed the Rule 60(b) motion promptly (not two weeks after the court issued its order of dismissal), the court **GRANTS** the plaintiff's Rule 60(b) motion, and **VACATES** the April 20, 2015 order dismissing this case without prejudice. The court **ORDERS** that the clerk's office shall reinstate the case, effective immediately. The court further **ORDERS** that the parties file any settlement documents and upload any proposed orders by **Tuesday, June 30, 2015**. If the parties have not filed settlement documents by that date, the court will return this case to the hearing calendar with the expectation that the parties will be prepared to discuss scheduling and trial dates.

Ordered in Milwaukee this 7th day of May, 2015

**By the Court:**

**HON. PAMELA PEPPER**
**United States District Court**